UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**BRIAN CHARLES BOONE ET AL**        **CASE NO.  5:21-CV-03568**

**VERSUS**                           **JUDGE S. MAURICE HICKS, JR.**

**FLOWERS FOODS INC ET AL**          **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM ORDER

Before the Court is Motion to Exclude the Intentionally Late Supplemental Discovery Responses of Carnell Williams filed by Defendants, Flowers Baking Co. of Tyler LLC and Flowers Foods, Inc. (Rec. Doc. 47). Plaintiff, Carnell Williams, did not file an opposition.

In this de-certified class action, Carnell Williams, *inter alia*, filed this suit against Flowers for alleged violations of the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Law (LWPL). Plaintiffs, deliverymen who deliver(ed) Flowers baked goods to stores, allege Flowers wrongfully classified them as independent contractors, failed to pay them overtime pay, and withheld improper deductions from their wages. (Rec. Doc. 1).

Trial is set for August 14, 2023. (Rec. Doc. 20). According to the parties' Plan of Work, the discovery deadline expired on March 27, 2023. (Rec. Doc. 21; 22). Flowers deposed Carnell Williams on August 23, 2017, when the matter was still

pending as a class action in *Richard v. Flowers*, No. 15-cv-2557. (Rec. Doc. 47-2, p. 2-6). Williams responded to Flowers' initial discovery on August 8, 2022, reserving his right to supplement the responses. (Rec. Doc. 47-6). In response to Interrogatory No. 13 seeking information regarding fines Flowers deducted from his compensation, Williams stated, "None." (Rec. Doc. 47-6, p. 9). After de-certification, Flowers re-deposed Williams on March 1, 2023. (Rec. Doc. 47-2, p. 7-18). In response to Flowers' counsel's January 11, 2023 letter regarding deficiencies in Williams's initial discovery responses, Williams provided supplemental discovery responses on March 22, 2023, five days before the discovery deadline. (Rec. Doc. 47-7; 47-8). Flowers now seeks to exclude Williams's supplemental discovery responses on the grounds that the supplemental responses contradict prior sworn testimony. Flowers contends Williams purposefully abused the discovery process in an attempt to prevent Flowers from investigating his claims.

Flowers urges the Court to exclude Williams's supplemental discovery responses as a sanction authorized by F.R.C.P. Rule 37, which provides that if a party fails to provide information or identify a witness as required by the rules, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Rule 37(c)(1). In determining whether to impose Rule 37 sanctions, the court should consider the following factors: (1) the explanation for the failure to

disclose; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

The Court finds no evidence that Williams' supplemental discovery responses were a bad faith attempt to evade or abuse the discovery process. Although Williams's initial responses did not respond to requests for production 6 through 15, there is no evidence that the failure to respond was anything other than a clerical error in duplicating the incorrect request. Upon Flowers' counsel's pointing out the deficiency on January 11, 2023, Williams provided supplemental responses within the discovery deadline. Neither is the Court persuaded by Flowers' argument that Williams initially withheld the information sought. Upon being asked about improper fines at his deposition on March 1, 2023, Williams testified that he had misunderstood the term "fine." He cleared up his response on the record and testified that he would look into specific instances of charges, which he did not initially understand to be a "fine" as defined in the requests. (Rec. Doc. 47-2, p. 15-18). Considering the evidence in the record, the Court finds a reasonable explanation for Williams' failure to earlier disclose the information later supplemented. Considering the other factors, the Court finds that the information is certainly important to Plaintiff's case, and that Flowers is prejudiced by not having had an opportunity to question Williams on the specific instances of charges and other new information

provided in the supplemental discovery responses; however, the prejudice can be remediated with additional time to investigate.

Otherwise, the Court appreciates no bad faith on Williams or his counsel warranting the imposition of Rule 37 sanctions. The Court is sympathetic of Flowers' concerns regarding its ability to investigate Williams' newly provided information. Thus, Flowers should be afforded an opportunity to re-depose Williams specifically on the information provided in the supplemental discovery responses.

Accordingly,

IT IS ORDERED that Flowers' Motion to Exclude the Intentionally Late Supplemental Discovery Responses of Carnell Williams (Rec. Doc. 47) is DENIED. If the parties cannot mutually agree to set Carnell Williams' deposition, on the specific issues discussed herein, within a reasonable timeframe, counsel shall contact the Court to set a telephone status conference.

Signed at Lafayette, Louisiana on this 13th day of June, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE